## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Miguel Angel Ramirez Cruz,

                                Petitioner,

vs.

Kristi Noem et al.,                                        Case No. 0:26-cv-00871-DMT-DJF

                                Respondents.

---

## ORDER TRANSFERRING VENUE

---

[¶1]    THIS MATTER comes before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner on January 30, 2026. Doc. No. 1. Respondents filed a Response on February 3, 2026. Doc. No. 7. On February 5, 2026, this Court issued an Order for Respondents to Provide Additional Information regarding the Petitioner's detention location at the time the Petition was filed to determine whether this Court has subject matter jurisdiction over this case. Doc. No. 8. The Court may raise the issue of subject matter jurisdiction *sua sponte* even if not raised by the parties. See Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) ("[Lack of subject matter jurisdiction] may be raised at any time by a party to an action, or by the court *sua sponte*."). Respondents emailed chambers and counsel for Petitioner with a Response to the Order the same day. See Attached Email dated February 5, 2026.

[¶2]    Based on the emailed Response and Petitioner's statements in the Petition, it is evident that Petitioner was in El Paso, Texas on January 30, 2026 when the Petition was filed. See Attached Email dated February 5, 2026; Doc. No. 1, pp. 2, 5. Even though Petitioner has been transferred back to Minnesota since then, this Court still lacks subject matter jurisdiction because Petitioner

- 1 -

was in custody in the Western District of Texas when he filed his Petition. <u>McCoy v. U.S. Bd. of Parole</u>, 537 F.2d 962, 966 (8th Cir. 1976) ("The subsequent transfer of petitioner to Oklahoma did not cause a loss of habeas corpus jurisdiction in the District of Nebraska."). <u>See also</u> <u>Propotnik v. Putman</u>, 538 F.2d 806, 807 (8th Cir. 1976) (noting "the rule that a court does not lose jurisdiction when a habeas corpus petitioner is transferred out of the court's jurisdiction after the petition is filed"). Since Petitioner was located in El Paso, Texas when the Petition was filed, transfer to the Western District of Texas is appropriate and in the interest of justice. 28 U.S.C. § 1406(a).

[¶3]    Accordingly, this case is **TRANSFERRED** to the United States District Court for the Western District of Texas for all further proceedings and disposition of all remaining motions.

[¶4]    **IT IS SO ORDERED.**

DATED February 6, 2026.

Daniel M. Traynor, District Judge
United States District Court

## Robert Schmidt

| | |
|---|---|
| **From:** | NDD J-Traynor |
| **Sent:** | Thursday, February 5, 2026 5:03 PM |
| **To:** | Conor Kennelly; Sarah Belliston; Robert Schmidt |
| **Subject:** | FW: 0:26-cv-00871-DMT-DJF |

**From:** Hackworthy, David R ▉▉▉▉▉▉▉▉▉▉▉▉▉▉
**Sent:** Thursday, February 5, 2026 4:03 PM
**To:** NDD J-Traynor ▉▉▉▉▉▉▉▉▉▉▉▉▉▉
**Cc:** Cruz Rodriguez, Jesus (USAMN) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
**Subject:** 0:26-cv-00871-DMT-DJF

<mark>**CAUTION - EXTERNAL:**</mark>

Good afternoon Judge Traynor,

Responding to Text Only Order, (ECF 8).

The Petition was filed on 1/30/2026 (1). On Jan. 30, 2026, Department records show Petitioner was detained at ERO El Paso Camp East Montana, El Paso, Texas.

Petitioner is now located at Freeborn County Jail, Minnesota.

Sincerely,

**David R. Hackworthy**
Assistant Chief Counsel / SAUSA
Office of the Principal Legal Advisor, Minneapolis/St. Paul, MN
U.S. Immigration and Customs Enforcement
▉▉▉▉▉▉▉▉▉

**\*\*\* ATTORNEY/CLIENT PRIVILEGE \*\*\* ATTORNEY WORK PRODUCT \*\*\***
This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this message has been misdirected and immediately destroy all originals and copies. Any disclosure of this document or information contained therein must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and is FOIA exempt under 5 U.S.C. § 552(b)(5), (b)(7).
Absent clear and express consent contained in the body of the email, there is no consent to disclose this email.

<mark>**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.</mark>